**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WIMPY KID, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> ANTARCTIC PRESS, INC. <br><br> *Defendant.* | Civil Action No. 11-12265 |

**COMPLAINT**

**INTRODUCTION**

1. This is an action by plaintiff Wimpy Kid, Inc. ("Plaintiff") for trademark and trade dress infringement, false designation of origin, trademark dilution and tarnishment, and unfair competition pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq*), and violations of the Copyright Act of 1976 (17 U.S.C. §101 *et seq*) and Massachusetts Law. The Plaintiff owns two federal trademark registrations for the mark "DIARY OF A WIMPY KID," covering, among other goods, a series of children's books. The *Diary of a Wimpy Kid* series of illustrated books, authored by Jeff Kinney, has sold over 52 million copies in North America alone. As set forth below, the defendant, Antarctic Press, Inc. ("Defendant") has blatantly infringed Plaintiff's intellectual property and diluted its trademarks by publishing, advertising, and distributing books entitled "Diary of a Zombie Kid." In addition to the confusingly similar title, the jacket design of Defendant's infringing works are substantially similar to those of Plaintiff's series and are obviously intended to confuse the public into believing that Defendant's books are additions to such series. Defendant is thereby illegally trading off of the substantial

1

goodwill that has resulted from the significant success of Plaintiff's books in the marketplace and palming off its own books as those of the Plaintiff.

### The Parties

2. Plaintiff is a corporation organized under the laws of the Commonwealth of Massachusetts and has an office and principle place of business at 30 Bridle Path, Plainville, Massachusetts.

3. Defendant, Antarctic Press, Inc., is a corporation organized under the laws of the State of Texas and has an office and place of business at 7272 Wurzbach Road, Suite 204, San Antonio, Texas.

### Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, §1332 and §1338; and 15 U.S.C. §1121. The amount in controversy exceeds $75,000. The Court has supplemental jurisdiction over the state law and common law claims pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391.

6. This Court has personal jurisdiction over the Defendant by virtue of the fact that it has (1) transacted business within the Commonwealth of Massachusetts; (2) infringed Plaintiff's copyrights and trademarks within the Commonwealth of Massachusetts; and/or (3) infringed Plaintiff's copyrights and trademarks outside the Commonwealth of Massachusetts causing injury to property within the Commonwealth of Massachusetts.

### Facts Common to All Counts

7. "Diary of a Wimpy Kid" is the title to a series of six children's books authored

by Jeff Kinney and published by Harry N. Abrams, Inc. ("Abrams"), under its Amulet Books imprint. The Plaintiff corporation, Wimpy Kid, Inc., is wholly owned by Jeff Kinney and it has licensed certain rights to its intellectual property, including its trademarks and copyrights, to Abrams.

    8. The title "Diary of a Wimpy Kid" is a federally registered trademark (DIARY OF A WIMPY KID, registration Nos. 3,601,775 and 3,990,217 in the U.S. Patent and Trademark Office for "publications, namely a series of children's books" in Class 16 and, "Board games; card games; plush toys; toy action figures; puzzles" in Class 28, respectively), owned by the Plaintiff (the "DOAWK Mark"). (See Exhibits A and B). Additionally, the title is uniformly presented with the same stylization, namely lettering with white borders illustrated so as to appear that each letter was painted with a brush. The notice of Plaintiff's federally registered rights in the DOAWK Mark appears in the front pages of the books. The six book covers in the series are as follows:

  

  

9. The spine of each book in Plaintiff's series bears a small illustration of the head of the main character, Greg Heffley (the "Greg Heffley Mark"). This Mark is an important means of identifying Plaintiff's books, as the spine is the only portion of the books visible when they are placed on a shelf. The books contain a notice of Plaintiff's trademark rights in the Greg Heffley Mark. The spine of the first five books in the *Diary of a Wimpy Kid* series are as follows:



4

10. The jacket of each book in the *Diary of a Wimpy Kid* series constitutes a distinctive trade dress ("DOAWK Trade Dress") that consists of several, non-functional elements common to the series, including illustrated "stitching" along the borders of the front and back covers, and the image of a torn square of a page of lined notebook paper with an illustration of the main character on it.  The torn notebook paper appears to be taped at a diagonal on its corners.  Additionally, the spine of the book has a distinctive striping and a small illustration of the head of the main character (Gregg Heffley), which is the only portion of the book that would be visible when placed on a shelf.

11. Abrams, the publisher of the entire *Diary of a Wimpy Kid* series of books, registered the first two books in the series, including their jackets, with the Register of Copyrights in Jeff Kinney's name.  Copies of the Certificates of Registration for the first two books in the series, effective as of April 7, 2007 (TX-6-557-202 ) and May 29, 2008 (TX-7-004-152), are attached hereto as Exhibits C and D.  Jeff Kinney properly assigned all rights, including copyright, in the first two *Diary of a Wimpy Kid* books to Plaintiff via a written instrument on August 8, 2008.  The copyrights to each of the subsequent books in the series are owned by Wimpy Kid, Inc.  Each book bears a proper copyright notice in the front matter.

12. The *Diary of a Wimpy Kid* series has obtained uncommon commercial success.  The first book, *Diary of a Wimpy Kid,* was published in April 2007, and it rapidly became a cultural phenomenon.  Over fifty-two million copies of the books have been sold in North America alone, and each has been a mainstay of the New York Times Bestseller list.

13. This success has extended into merchandising, including, T-shirts, hats, action figures, plush toys, swimwear, sleepwear, backpacks, board games, puzzles, and card games, all marked with the stylized version of the DOAWK Mark that appears on the covers of the *Diary of a Wimpy Kid* books, and all bearing the Greg Heffley mark, or a similar version thereof.  It has also resulted in two successful major motion pictures released by Plaintiff's licensee, 20th Century Fox Film Corporation, which together have grossed more than $115 million in the United States alone.  In addition to the six books in the series, Abrams has published two editions of a book that accompanies the movies, and two editions of a *Diary of a Wimpy Kid* themed do-it-yourself guide.

14. On Thanksgiving in 2010, Greg Heffley's status as cultural icon was confirmed when a licensed balloon in his likeness was flown in the Macy's Thanksgiving Day Parade in New York City.

15. Thus, through extensive marketing, publishing, and sales efforts Plaintiff—through its licensing agreements—has developed a valuable reputation and substantial goodwill in the marketplace for its DOAWK Mark, the stylized version thereof, and the Greg Heffley Mark, as well as its trade dress.

16. Defendant published its book "Diary of a Zombie Kid" on or about August 2011 and distributed it to stores nationwide, including Barnes and Nobles Booksellers.  It is also available at major internet book retailers, including Amazon.com, and it has appeared on a New York Times bestseller list.

17.  The Defendant intentionally designed and titled its book, "Diary of a Zombie Kid", and presents the title in the same stylization as that used by Plaintiff for its title, namely lettering with white borders illustrated so as to appear that each letter was painted

with a brush, in order to take unauthorized advantage of the enormous goodwill associated with Plaintiff's DOAWK Mark, and the stylized version thereof, in the publishing market and to confuse consumers as to the actual source of its books.

    18. Beyond the obvious similarity of the title and its stylization, the jacket design of Defendant's book is a confusingly similar variation on the "Diary of a Wimpy Kid" design theme, clearly designed to confuse consumers into believing that this book originates with, is sponsored by, or is associated with Plaintiff.  Defendant's jacket utilizes the same creative elements and style, including the illustrated stitching around the outside of the front and back covers, the distinctive striping along the spine, the hand-drawn pictures of the main character on the front and back covers, both illustrated so as to appear to be taped at each corner to the cover, and the miniature illustration of a male child's head located on the spine of the book.  Furthermore, Defendant lays all of the design elements on its jacket in the same or similar manner as Plaintiff does on its *Diary of a Wimpy Kid* books and matches the color pallet of Plaintiff's first *Diary of a Wimpy Kid Book* almost exactly. The front cover, back cover, and spine of Defendant's book, as well as the corresponding portions of the jacket of Plaintiff's first *Diary of a Wimpy Kid Book* are as follows:








**Count I**

**[15 U.S.C. §1114(1)]**

**<u>Federal Trademark Infringement</u>**

19. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Plaintiff is the owner of United States Trademark Registration Nos. 3,601,775 and 3,990,217, registered on April 7, 2009 and July 5, 2011 respectively, each for "DIARY

OF A WIMPY KID", and covering, "publications, namely a series of children's books," and "Board games; card games; plush toys; toy action figures; puzzles," respectively. Certified copies of both registrations are attached to this Complaint. (Exhibits A and B). These registrations are now valid, subsisting, un-cancelled, and unrevoked.

21. Since at least as early as April 1, 2007, Plaintiff and its predecessor in interest Jeff Kinney, has continuously used the DOAWK Mark in connection with and to identify its books and other products and to distinguish said products from similar products offered by others, by and without limitation, prominently displaying the DOAWK Mark on its products and advertising and promotional materials distributed throughout the United States. Plaintiff's products sold under the DOAWK Mark are sold nationwide, including in the Commonwealth of Massachusetts.

22. In addition, as of the date of the filing of this Complaint, Plaintiff is actively engaged in expanding its use of DIARY OF A WIMPY KID in connection with various products in interstate commerce throughout the United States including the Commonwealth of Massachusetts.

23. Defendant has infringed Plaintiff's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, distribution, promotion, and advertising of books under the name "Diary of a Zombie Kid," which is a counterfeit, copy, and/or colorable imitation of Plaintiff's DOAWK Mark.

24. Defendant's use of Diary of a Zombie Kid in connection with a children's book is without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

25. Defendant's use of "Diary of a Zombie Kid" in connection with a children's book

has been made notwithstanding Plaintiff's well-known and prior established rights in the trademark "DIARY OF A WIMPY KID" with both actual and constructive knowledge of Plaintiff's federal registration rights under 15 U.S.C. § 1072, and with the intention of causing confusion, mistake, and in order to deceive.

26. Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business and reputation, and the goodwill it has developed in its federally registered DOAWK Mark.  Plaintiff has no adequate remedy at law.

## Count II
## [15 U.S.C. §1125(a)]
## False Designation Of Origin

27. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-26 of this Complaint as if fully set forth herein.

28. Plaintiff owns the stylized version of the DOAWK Mark ("Stylized Mark"), which is inherently distinctive and/or has acquired distinctiveness, and is valid under common law.

29. Defendant has used the designation "Diary of a Zombie Kid" as the title of a children's book in interstate commerce, written in the same stylized manner as Plaintiff's Stylized Mark.  The said use of "Diary of a Zombie Kid" is a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact, which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and/or as to the origin, sponsorship, or approval of Defendant's products and commercial activities by Plaintiff.

30. Upon information and belief, Defendant's wrongful activities have caused, and

10

unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business and reputation, and the goodwill it has developed in its Stylized Mark.   Plaintiff has no adequate remedy at law.

## Count III
## [15 U.S.C. §1125(a)]
## False Designation of Origin

31. Plaintiff re-alleges and incorporates by reference paragraphs 1-30 of this Complaint as if fully set forth herein.

32. Plaintiff owns the Greg Heffley Mark, which is inherently distinctive and/or has acquired distinctiveness, and is valid under common law.

33. Defendant's books, which are sold in interstate commerce, include a hand-drawn illustration of a child's head on the spine of the book.  Said use of the illustration of a hand-drawn child's head is a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact, which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and/or as to the origin, sponsorship, or approval of Defendant's products and commercial activities by Plaintiff.

34. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business and reputation, and the goodwill it has developed in its mark. Plaintiff has no adequate remedy at law.

## Count IV
## [15 U.S.C. §1125(a)(3)]
### Trade Dress Infringement

35. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-34 of this Complaint as if fully set forth herein.

36. Plaintiff owns the DOAWK Trade Dress, which is inherently distinctive and/or has acquired distinctiveness, is non-functional, and is valid under common law.

37. Defendant's unauthorized use of a trade dress on the covers of its books that is confusingly similar to the trade dress used by Plaintiff on the covers of its books constitutes trade dress infringement to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

38. Upon information and belief, by such wrongful acts, Defendant has and unless restrained by this Court, will continue to cause serious irreparable injury and damage to Plaintiff, and to the goodwill associated with its distinctive trade dress, including diversion of customers, lost sales and lost profits.

## Count V
## [15 U.S.C. §1125(c)]
### Federal Trademark Dilution

39. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-38 as if fully set forth herein.

40. Upon information and belief, Plaintiff's DOAWK and Greg Heffley Marks are famous marks that are inherently distinctive and/or have acquired distinctiveness, Plaintiff's DOAWK Trade Dress, taken as a whole, is not functional and is famous separate and apart from the DOAWK and Greg Heffley Marks included within it, and the DOAWK and Greg Heffley Marks, and the DOAWK Trade Dress all had become famous

prior to the Defendant's first unauthorized use of confusingly similar variations of these Marks and this Trade Dress.

41. Defendant's unauthorized use and unauthorized publication of Plaintiffs DOAWK and Greg Heffley Marks, and DOAWK Trade Dress are likely to dilute and blur their distinctive quality and to tarnish such Marks and Trade Dress.

42. Upon information and belief, Defendant willfully intended to trade on Plaintiff's reputation and/or cause dilution and tarnishment of Plaintiff's famous DIARY OF A WIMPY KID Trademarks.

## Count VI
## (17 U.S.C. §101 *et seq*)
## Copyright Infringement

43. Plaintiff re-alleges and incorporates by reference paragraphs 1-42 as if fully set forth herein.

44. At all times relevant hereto, Plaintiff has been and still is the owner and proprietor of all right, title and interest, including copyright, in and to the *Diary of a Wimpy Kid* series of works, including their jacket designs.

45. The *Diary of a Wimpy Kid* books contain material, including the jacket designs, which is wholly original with Plaintiff and is copyrightable subject matter under the United States Copyright Act of 1976 (17 U.S.C. §106).

46. With full knowledge of Plaintiff's rights herein, Defendant has infringed and continues to infringe Plaintiff's copyrights by copying Plaintiff's original jacket designs and/or creating substantially similar designs and then selling and distributing books bearing those jacket designs throughout the United States.  Such copying and/or creation of substantially similar jackets was done by Defendant without the consent, approval, or

13

license of Plaintiff.

47. Defendant's acts violate Plaintiff's exclusive rights under §106 of the Copyright Act of 1976 (17 U.S.C. §106), and constitute infringement of its copyrights. Defendant's past and continuing copying, distribution, and sale of "Diary of a Zombie Kid" constitutes a willful and deliberate infringement of copyrights, and is causing irreparable harm and damage to Plaintiff.

## Count VII
### (Massachusetts General Laws Ch. 110H §13)
### Dilution

48. Plaintiff re-alleges and incorporates by reference paragraphs 1-47 as if fully set forth herein.

49. On information and belief Plaintiff's DOAWK and Greg Heffley Marks, and DOAWK Trade Dress are all inherently distinctive, and/or have acquired distinctiveness, and had become so prior to the Defendant's first unauthorized use of facsimiles of these Marks and Trade Dress.

50. Defendant's unauthorized use and Defendant's unauthorized publication of Plaintiffs DOAWK and Greg Heffley Marks and DOAWK Trade Dress are likely to dilute and blur their distinctive quality and to cause injury to Plaintiff's business reputation.

## COUNT VIII
### (M.G.L. c. 15, §93A)
### Deceptive Trade Practices

51. Plaintiff re-alleges and incorporates by reference paragraphs 1-50 as if fully set forth herein.

52. Defendant's activities complained of herein constitute deceptive trade practices under M.G.L. c. 15, §93A, Section 2.

53. Defendant's have caused, and will continue to cause, irreparable harm to Plaintiff unless enjoined.

54. Upon information and belief, Defendant's have profited from their unlawful and deceptive practices and have been unjustly enriched to the detriment of Plaintiff. Defendant's unlawful actions have caused Plaintiff monetary damage.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Court:

(1) Enter judgment in favor of Plaintiff and against Defendant on each of the counts in the Complaint;

(2) Find that Defendant willfully intended to trade off of Plaintiff's reputation and infringe its trademark and copyright rights, and otherwise acted recklessly and with willful disregard for the rights of Plaintiff;

(3) Preliminarily and permanently enjoin Defendant from using the the DOAWK Mark, the stylized version thereof, the Greg Heffley Mark, and the Trade Dress in association with Defendant's publications and all other goods and services related thereto;

(4) Preliminarily and permanently enjoin Defendant from reproducing, publishing, posting, copying, or otherwise distributing Plaintiff's copyrighted content, including all versions thereof;

(5) Award Plaintiff three times its damages, in addition to its reasonable attorneys' fees and Defendant's profits, as a result of Defendant's willful acts of trademark infringement;

(6) Award Plaintiff three times its damages, in addition to its reasonable attorneys' fees and Defendant's profits, as a result of Defendant's willful acts of trademark dilution;

(7) Award Plaintiff its damages, in addition to Defendant's profits as a result of Defendant's willful acts of copyright infringement;

(8) Order Defendant to deliver up and surrender to Plaintiff all copies of the *Diary of a Zombie Kid* books and any other infringing materials for destruction;

(9) Award Plaintiff three times its actual damages resulting from Defendant's deceptive trade practices and its attorneys' fees;

(10) Award Plaintiff such other relief as the Court deems just and equitable, including attorneys' fees.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable thereby.

Dated:  December 20, 2012              /s/ Jeffrey Wiesner
                                       Jeffrey Wiesner, BBO# 655814
                                       Paul S. Sennott, BBO# 670571
                                       STERN, SHAPIRO, WEISSBERG &
                                           GARIN, LLP
                                       90 Canal Street
                                       Boston, MA 02114
                                       P (617) 742-5800
                                       F (617) 742-5858

                                       *Attorneys For Plaintiff, Wimpy Kid, Inc.*